Raymond *v.* Richardson.

GEORGE RAYMOND *v.* WILLIAM RICHARDSON.

In an action in one of the lower courts for labor and services, the defendant, under an answer containing only a general denial of the complaint, may introduce evidence that the work was unskillfully performed, and that it was worth less than the amount claimed.

Accordingly, where the defendant offered to show the character of the work and that he had objected to the plaintiff's continuing it by reason of his incompetency; *held,* that the exclusion of this testimony on the sole ground that skillfulness of the plaintiff and value of the work were not put in issue by the pleadings, entitled the defendant to a reversal of a judgment awarded against him.

Where the complaint is upon *quantum meruit,* not setting up a specific contract; the general right of the defendant to contest the alleged value follows, although the plaintiff's testimony may tend to establish a contract.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered in the Marine Court. The facts appear in the opinion.

*James G. McAdam,* for the defendant.

*Thomas B. Barnaby,* for the plaintiff.

BY THE COURT. DALY, J.—So far as can be gathered from the imperfect return made by the justice in this case, it appears to have been an action to recover for work and labor after the lien, if any had been acquired, had expired by its

own limitation.   If it was, the evidence was sufficient to en-
title the plaintiff to recover.   A witness testified that he was
directed by the defendant and by Mr. Adam to employ men
to work on the buildings, and that he employed the plaintiff to
work on them ; that he worked on them, doing carpenter's
work, from the middle of February until some time in Sep-
tember following, in all thirty-one weeks, and that he was to
have twelve shillings a day ; that Richardson was to pay for
the work, and that he said that every man should be paid.
It further appeared, from the testimony of the witness, that
two of the houses belonged to Richardson, and that the
plaintiff worked about equally upon all of them.   And upon
this testimony the justice apportioned the value of the plain-
tiff's labor upon the seven houses, giving judgment for two
sevenths of the amount claimed.

The difficulty, however, in sustaining this judgment arises
from the exclusion of testimony offered by the defendant.
The defendant offered to show the character of the plaintiff's
work, and that he objected to his working on the building
because he was not a good workman ; but the justice re-
fused to receive the testimony, on the ground that no notice
had been given in the answer that the defendant alleged the
work to have been unskillfully done.   The answer was a
general denial of the whole complaint.   This was, in effect,
denying that the plaintiff did work and labor for the defend-
ant to the value of the amount claimed.   It put in issue not
only the performance of the work, but the value of it.   And
it was competent for the defendant to show that he discharged
the plaintiff, or that he notified him that he did not require
his services any longer.   And if the plaintiff, under a general
employment by the defendant's agent, at so much per day,
continued to work, after being so notified by the defendant,
he could not recover ; or if he could, upon the ground that
the defendant, though against his will, had received the bene-
fit of the plaintiff's labor, still the defendant was, undoubt-
edly, entitled to show what the real value of that labor was,
or that it was of no value at all.   The offer, it is true, did

not quite come up to this.   It was an offer in general terms to show that the defendant objected to the plaintiff's working on the building, without indicating to whom the objection was made.   But the testimony was not excluded upon the ground that the offer was not sufficiently definite, but upon the ground that under the pleadings no such defence as that the work was unskillfully done, or that it was worth less than the amount claimed, could be set up ; and under such a ruling it was unnecessary for the defendant to make his offer any more specific, as any testimony offered, with a view to such a defence, would not have been received.

Again, the defendant was entitled generally to contest the value of the plaintiff's labor, for the complaint was upon a *quantum meruit*, and not upon a specific contract to work for so much a day, though the testimony tended to prove such a contract; so that whether the defendant notified the plaintiff to discontinue working or not, he had the right, under the pleadings, to contest the value of the work, and his offer to show its character was sufficient.

It is a matter of regret that we have to reverse the judgment in this cause, as the testimony was sufficient to sustain a finding by the justice for the whole amount claimed.

Judgment reversed.